UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHUNHUA LEI,

Petitioner(s),

v.

DREW BOSTOCK, et al.,

Respondent(s).

CASE NO. C26-2424-KKE

ORDER DENYING HABEAS PETITION

Petitioner has been detained at the Northwest Immigration and Customs Enforcement ("ICE") Processing Center ("NWIPC") since March 2026, and an immigration judge ("IJ") denied bond because she found that Petitioner was a flight risk and a danger to the community. Petitioner has not met her burden to show that the IJ abused her discretion in denying bond, and thus the Court will therefore deny her petition for writ of habeas corpus.

## I. BACKGROUND

Petitioner is a native and citizen of China. Dkt. No. 8 ¶ 3. In 2022, Petitioner entered the United States without inspection. *Id.* ¶ 4. In June 2024, Petitioner was convicted of misdemeanor trespass, and she received a deferred adjudication on a prostitution-related charge in December 2024. *Id.* ¶¶ 5–6. In March 2026, Petitioner was charged with four felony counts of committing fraud in a gaming establishment. *Id.* ¶ 7.

When Petitioner was released from jail on the fraud charges[1] on March 16, 2026, ICE officers arrested her and transported her to an ICE office, where removal proceedings were initiated. *See* Dkt. No. 7-1, Dkt. No. 7-6 at 3–5. Petitioner was transported to an immigration detention facility, and eventually transferred to the NWIPC, where she has been detained since. Dkt. No. 8 ¶ 8.

Petitioner received a bond hearing on April 30, 2026. Dkt. No. 8 ¶ 11. The IJ entered a form order indicating that the immigration court lacked jurisdiction to grant bond, but ruled in the alternative that bond would be denied because Petitioner is a danger to the community and a flight risk. Dkt. No. 7-4. Petitioner did not appeal that ruling to the Board of Immigration Appeals, but filed a habeas petition in this Court to challenge the sufficiency of the bond hearing. Dkt. No. 8 ¶¶ 11–12. The Court granted the petition, finding that a form order could not be judicially reviewed, and therefore ordered the Government[2] to provide a bond hearing under 8 U.S.C. § 1226(a) and to create a contemporaneous record of it. *See Lei v. Bostock*, No. 2:26-cv-01664-TMC, 2026 WL 1745806 (W.D. Wash. June 17, 2026) (hereinafter "*Lei I*").

The immigration court complied with the Court's order and provided a bond hearing on June 24, 2026, and created a written transcript of the proceeding. Dkt. No. 7-2. In that hearing, the IJ denied bond because (1) Petitioner did not present herself to a port of entry but entered the country unlawfully, (2) Petitioner's presence was not detected until she was encountered by law enforcement related to several criminal offenses, (3) Petitioner has been convicted of two offenses, and (4) Petitioner's recent marriage to a lawful permanent resident does not convey any

[1] The fraud charges were subsequently declined by the district attorney. Dkt. No. 9-4.

[2] This order refers to federal Respondents collectively as "the Government."

immigration status to her at this time. Dkt. No. 7-2 at 8–9. For those reasons, the IJ found that Petitioner had not met her burden to show she is not a danger or a flight risk. *Id*.

Petitioner then filed the current habeas petition, arguing that the Government had failed to comply with the Court's order to create a contemporaneous record of the immigration judge's bond ruling. Dkt. No. 1 ¶¶ 40, 44–49. The Government filed its return and attached a transcript of the June 24 hearing. Dkt. Nos. 6, 7-2. Petitioner's traverse acknowledges that the petition inaccurately stated that no contemporaneous record of the bond hearing was made, but contends that the IJ's oral ruling is nonetheless constitutionally deficient and should be remedied by either immediate release or another bond hearing. Dkt. No. 9.

Because the Court finds that the IJ's findings pass constitutional muster, the Court will deny the habeas petition.

## II. ANALYSIS

To succeed on a habeas petition, a petitioner must show she "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and … the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A district court's habeas jurisdiction includes challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

As explained earlier in this order, the Court previously found that Petitioner was entitled to a bond hearing and ordered that the Government create a contemporaneous record. *Lei I,* 2026 WL 1745806. Although the Government provided a bond hearing and created a record of the immigration judge's reasons for denying bond, Petitioner argues that the immigration judge's reasoning is insufficient.

Specifically, Petitioner contends that although the immigration judge found that Petitioner had been "convicted for 2 offenses" (Dkt. No. 7-2 at 9), the judge did not identify these two convictions. Dkt. No. 9 at 11. Petitioner acknowledges that she has been convicted of one misdemeanor and that a separate solicitation charge was resolved through deferred adjudication, which could be considered a "conviction" but might also have been miscounted as a conviction. *Id*. Petitioner also argues that the immigration judge noted that she entered the United States without inspection, without explaining why that fact matters. *Id*. at 13. Lastly,[3] Petitioner likewise argues that the immigration judge noted that Petitioner was not entitled to any immigration status as a result of her recent marriage to a lawful permanent resident, but failed to appreciate that her spouse's presence and willingness to sponsor Petitioner would mitigate her flight risk. *Id*. at 14.

A district court reviews an IJ's bond determination as to dangerousness and flight risk for abuse of discretion.[4] *See Martinez v. Clark*, 124 F.4th 775, 784 (9th Cir. 2024). When reviewing for abuse of discretion, the district court does not re-weigh the evidence, but rather determines whether the IJ applied the correct legal standard. *See id.* at 785.

In making bond determinations, IJs consider the so-called "*Guerra* factors":

> (1) whether the [noncitizen] has a fixed address in the United States; (2) the [noncitizen's] length of residence in the United States; (3) the [noncitizen's] family ties in the United States, and whether they may entitle the [noncitizen] to reside permanently in the United States in the future; (4) the [noncitizen's] employment history; (5) the [noncitizen's] record of appearance in court; (6) the [noncitizen's] criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the [noncitizen's] history of

---

[3] Petitioner also questions whether the immigration judge's reference to "limited avenues of relief" supports her ultimate conclusion (Dkt. No. 9 at 13–14), but there is no reference to "limited avenues of relief" in the hearing transcript and the Court will thus not address this argument further.

[4] Although the Government argues that the Court should require Petitioner to exhaust administrative remedies before considering the habeas petition on its merits (Dkt. No. 6 at 4–8), the Court waives prudential exhaustion in light of the irreparable injury that might result from the continued unlawful detention the petition alleges. *See Laing v. Ashcroft*, 370 F.3d 994, 998 (9th Cir. 2004); *see also Garcia Ortiz v. Henkey*, No. 1:26-cv-00043-BLW, 2026 WL 948275, at *3 (D. Idaho Apr. 7, 2026) (waiving administrative exhaustion requirements because "given the broader irregularities in bond hearings across the country … administrative remedies in the immigration system appear no longer efficacious").

> immigration violations; (8) any attempts by the [noncitizen] to flee prosecution or otherwise escape from authorities; and (9) the [noncitizen's] manner of entry to the United States.

*In Re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006).

Although the IJ's findings are not particularly comprehensive, they nonetheless demonstrate that the IJ considered multiple *Guerra* factors, such as Petitioner's family ties in the United States and whether those would entitle her to immigration status, Petitioner's criminal record, and the manner by which Petitioner entered the country. Dkt. No. 7-2 at 8–9. As explained in *Guerra*, even if Petitioner's deferred adjudication does not constitute a "conviction," the IJ did not err in considering the undisputed evidence of the conduct that led to the charge, in considering Petitioner's criminal history. 24 I & N Dec. at 40 ("In the present matter, the [IJ] determined that evidence in the record of serious criminal activity, even if it had not resulted in a conviction, outweighed other factors, such that release on bond was not warranted."). Petitioner has not shown that even if the IJ miscounted her convictions or misclassified a conviction that this error would be anything other than harmless, given that an IJ properly considers criminal conduct that does not result in a conviction.

Moreover, Petitioner has not identified "highly probative or potentially dispositive" evidence that the IJ failed to discuss, which would suggest that the IJ failed to apply the correct legal standard. *Martinez*, 124 F.4th at 785. Petitioner's arguments here "about the IJ's weighing of specific pieces of evidence and the ultimate [] conclusion the IJ reached must be presented through the normal immigration appeal process[,]" and do not demonstrate that the IJ applied the wrong legal standard. *Contreras Pulido v. Lyons*, No. 1:26-cv-03128-JLT-CDB, 2026 WL 2351603, at *3 (E.D. Cal. Aug. 13, 2026). Under these circumstances, the Court does not find that Petitioner has met her burden to show that she is entitled to habeas relief.

## III. CONCLUSION

For these reasons, the Court DENIES the habeas petition. Dkt. No. 1.

Dated this 27th day of August, 2026.

Kymberly K. Evanson
United States District Judge